UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TATALU HELE DADA, et al. | CIVIL ACTION |
| VERSUS | NO: 20-1093 |
| DIANNE WITTE, in her official capacity as Interim New Orleans Field Office Director, U.S. Immigration and Customs Enforcement, et al. | SECTION: T (4) |

## ORDER

Petitioners-Plaintiffs, detainees at various facilities,[1] have filed through counsel a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Injunctive Relief (R. Doc. 1), and a Motion for a Temporary Restraining Order ("TRO") (R. Doc. 2). The Federal Defendants, United States Immigration and Customs Enforcement ("ICE"), Dianne Witte, in her official capacity as Interim New Orleans Field Office Director, and Matthew T. Albence, in his official capacity as Deputy Director and Senior Official Performing the Duties of the Director of United States Immigration and Customs Enforcement, have filed a response opposing Plaintiffs' emergency motion for a temporary restraining order. R. Doc. 7.[2] At the direction of the Court (R.

---

[1] Adams County Correctional Center, Natchez, MS; Etowah County Detention Center, Gadsden, AL; Richwood Correctional Center, Richwood, LA; LaSalle ICE Detention Center, Jena, LA; and Winn Correctional Center, Winnfield, LA. None of these facilities lies within the territorial jurisdiction of the Eastern District of Louisiana.

[2] The Wardens of the various detention facilities have also been made defendants in this matter: Shawn Gillis, in his official capacity as Warden, Adams County Correctional Center; Jonathan Horton, in his official capacity as Sheriff of Etowah County, Keith Peek, in his official capacity as Chief Deputy, Etowah County Detention Center; Steven Debellevue, in his official capacity as

1

Doc. 6), Plaintiffs have filed a reply in support of their motion for a temporary restraining order. R. Doc. 9. For the reasons stated below, the Court finds it lacks jurisdiction to entertain Plaintiffs' Petition, Complaint for Injunctive Relief, and Motion for TRO. Accordingly, the Petition and Complaint are dismissed without prejudice.

**FACTS and PROCEDURAL POSTURE**

Plaintiffs are in various stages of immigration proceedings, awaiting a scheduled hearing before an Immigration Judge, the outcome of a pending appeal before the Board of Immigration Appeals, or deportation. R. Doc. 1; R. Doc. 7-1. At least two are under consideration for release on parole or under an order of supervision. R. Doc. 7-1, pp. 8 and 11. In their Petition, Complaint for Injunctive Relief, and Motion for TRO, Plaintiffs seek an order from this Court directing Defendants to release the Plaintiffs immediately on their own recognizance pending disposition of their immigration proceedings. In the alternative, Plaintiffs request the Court issue an order requiring Defendants to release them from detention and place them in community-based alternatives to detention, subject to reasonable and appropriate conditions. Plaintiffs assert they suffer various medical conditions and co-morbidities that place them at imminent risk of severe illness or death were they to develop COVID-19. They allege six claims for alleged violations of: substantive and procedural due process rights; unlawful detention under the federal habeas statute, 28 U.S.C. § 2241; Fifth Amendment right to counsel and a fair hearing; the Administrative Procedure Act; and the Rehabilitation Act. R. Doc. 1. Ultimately, Plaintiffs contend their continued

---

Warden, Richwood Correctional Center; David Cole, in his official capacity as Warden, LaSalle ICE Processing Center; and Keith Deville, in his official capacity as Warden, Winn Correctional Center. R. Doc. 1.

detention is unlawful under due process because their health cannot be protected in or by the facilities in which they are detained. Accordingly, they seek, not merely a change in the conditions of their confinement, but immediate release from confinement, either on their own recognizance or to community-based alternatives with conditions. *See* R. Doc. 9, p. 9.

**LAW and ANALYSIS**

Before reaching the merits of Plaintiffs' Motion for TRO, the Court must determine as a threshold matter whether it has proper jurisdiction to entertain Plaintiffs' habeas petition pursuant to 28 U.S.C. § 2241(a). In general, "[t]he only district that may consider a habeas corpus challenge to present physical confinement pursuant to § 2241 is the district court in which the prisoner is confined." *United States v. McPhearson*, 451 F. App'x 384, 387 (5th Cir. 2011) (citing *Rumsfeld v. Padilla,* 542 U.S. 426, 442-43 (2004); *Lee v. Wetzel,* 244 F.3d 370, 375 n. 5 (5th Cir. 2001)). Because none of the seventeen plaintiffs is confined within the territorial jurisdiction of this Court, the parties were specifically requested to brief the jurisdictional issue. R. Doc. 6.

The Federal Defendants maintain that the warden for each facility in which these Plaintiffs are detained, rather than ICE through its New Orleans Field Office, is the "immediate custodian" for purposes of determining the district court's jurisdiction over the § 2241 claims of the individual plaintiffs. R. Doc. 7, pp. 4-5 (citing *Padilla*, 542 U.S. at 442-43). The Federal Defendants argue the Supreme Court in *Padilla* rejected the "legal reality of control" standard and held that legal control over the detained individual does not determine the proper respondent in a habeas petition that challenges present physical confinement. *Id.* at 4 and n.4 (citing *Padilla,* 542 U.S. at 437-39)). The Federal Defendants point out that the Fifth Circuit has consistently applied the "territorial

3

jurisdiction" rule to immigrant detainees. R. Doc. 7, p. 5 (citing *Zurawsky v. Ashcroft*, No. 03-439, 2003 WL 21088092 (E.D. La. May 8, 2003); *Santos v. U.S.I.N.S.*, No. 98-2247, 1998 WL 774175 (E.D. La. Oct. 30, 1998); *McFarlane v. I.N.S.*, No. 92-709, 1992 WL 161135 (E.D. La. June 23, 1992); *Nguyen v. I.N.S.*, No. 92-1116, 1992 WL 73343 (E.D. La. Apr. 2, 1992)). Thus, the Federal Defendants assert that the territorial jurisdiction rule should be applied in this case and that Plaintiffs' Petition and Complaint be dismissed without prejudice, rather than remanded to another district court. R. Doc. 7, p. 6 and n. 6.[3]

In their reply brief, Plaintiffs acknowledge the Supreme Court in *Padilla* articulated the "immediate custodian rule" establishing that "the proper respondent is the warden of the facility where the prisoner is being held," rather than "the Attorney General or some other remote supervisory official." R. Doc. 9, p. 7 (citing *Padilla*, 542 U.S. at 435). However, Plaintiffs contend there are exceptions to this "default rule," and that the Supreme Court specifically declined to resolve whether the rule should apply in immigration detention matters. *Id.* (citing *Padilla*, 542 U.S. at 435 n. 8). Thus, Plaintiffs argue an exception to the "immediate custodian rule" should be recognized in immigration detention cases. Although the Fifth Circuit has yet to address the issue of whether the "immediate custodian rule" applies in immigration-related detention where the plaintiffs are housed at facilities contracted by ICE, Plaintiffs here note that district courts have not only found the "proper respondent" to be the ICE Field Office Director in habeas petitions

---

[3] The Federal Defendants note that 11 of the 17 Plaintiffs are confined within the territorial jurisdiction of the Western District of Louisiana, while the remainder are confined within the territorial jurisdictions of the Southern District of Mississippi and the Northern District of Alabama. R. Doc. 7, p. 6 n. 6.

brought by those detained by ICE, but courts have also declined to dismiss even high-level supervisors, such as the Secretary of Homeland Security, the Attorney General, and the Director of ICE. R. Doc. 9, p. 7 (citing *Gutierrez-Soto v. Sessions*, 317 F.Supp.3d 917, 927 (W.D. Tex. 2017); *Fuentes-De Canjura v. McAleenan*, No. 19-149, 2019 WL 4739411, at *3 (W.D. Tex. Sept. 26, 2019)).[4]

In asserting the New Orleans Field Office of ICE is in fact the "immediate custodian" for purposes of jurisdiction in this immigrant detention case, Plaintiffs argue that the wardens of each facility do not have the independent authority to release any Plaintiff from detention, nor can they move, transfer, or release Plaintiffs without an express directive from the New Orleans Field Office. R. Doc. 9, p. 8. Plaintiffs point to the Declaration of the Assistant Director of the Enforcement and Removal Office ("EROS") of the New Orleans Field Office of ICE, R. Doc. 7-1, to demonstrate that it is EROS that has custody over Plaintiffs, that ICE ensures the facilities comply with its detention standards, and that ICE has control over some day-to-day operations within their contract facilities. R. Doc. 9, p. 8. Plaintiffs contend the cases cited by the Federal Defendants pre-date *Padilla*. In applying *Padilla* to the facts of this case, Plaintiffs argue that ICE is the appropriate respondent because it has the power to "produce the prisoner's body" to the court, quoting *Padilla*, 542 U.S. at 435, rather than the wardens, who have no power to do so (citing *Calderon v. Sessions*, 330 F.Supp.3d 944, 952 (S.D.N.Y 2018)). *Id.*

"Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the

---

[4] In both cases cited by Plaintiffs, the petitioners were detainees confined within the territorial jurisdiction of the district court. Hence, the courts therein were not confronted with the precise issue presented here.

district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Thus § 2241(a) confers upon district courts "the authority to grant writs of habeas corpus 'within their respective jurisdictions.'" *See Lee v. Wetzel*, 244 F.3d at 373. There is no doubt that a district court has jurisdiction to entertain an alien's habeas petition under § 2241 if that alien is detained within that court's district. *See Fuentes-De Canjura*, *supra*, at *3 (citing *Lee v. Wetzel*, 244 F.3d at 374-75).

Plaintiffs are correct that the Fifth Circuit has not yet addressed the precise issue presented here. Consequently, this Court declines to guess whether that court might recognize an exception in immigrant detainee cases to the general rule that "the proper respondent is the warden of the facility where the prisoner is being held." Thus, the Court declines to find that the New Orleans Field Office of ICE is the "immediate custodian" of each plaintiff in this case for the purposes of exercising jurisdiction over the § 2241 claims asserted by Plaintiffs in their Petition and Complaint.

Plaintiffs frame the issue as "whether jurisdiction lies in the only venue appropriate for the respondent and the only court where a remedy can be granted." R. Doc. 8. They therefore imply that this Court is the only appropriate venue and the only court that can grant the remedy requested. However, the district court cases cited by Plaintiffs themselves belie that suggestion, and Plaintiffs have made no showing that this Court is the "only" court in which they can obtain relief. They have not demonstrated a legal basis, much less a benefit or necessity, for this Court to reach out beyond its territorial limits to exercise jurisdiction over multiple detainees in three other judicial districts, which fall within the territorial jurisdictions of two different circuit courts. This Court believes that such an exercise of habeas jurisdiction is precisely the type of overreaching the

Supreme Court in *Padilla* sought to preclude: the "possibility that every judge anywhere (could) issue the Great Writ on behalf of applicants far distantly removed from the courts whereon they sat." 542 U.S. at 442 (quoting *Carbo v. United States*, 364 U.S. 611, 617 (1961)).

Accordingly, because Plaintiffs can obtain relief in the district in which they are confined, this Court can discern no disability to Plaintiffs in applying the "immediate custodian rule" articulated in *Padilla* to find that the wardens of each facility in which the detainees are confined are the "immediate custodians" of Plaintiffs. Because this Court lacks jurisdiction over the wardens, it lacks jurisdiction over Plaintiffs' § 2241 claims. The traditional rule, "with respect to habeas petitions 'designed to relieve an individual from oppressive confinement,'" "has always been that the Great Writ is 'issuable only in the district of confinement.'" 542 U.S. at 442 (quoting *Carbo*, 364 U.S. at 618). Accordingly, this Court must conclude that it lacks jurisdiction over Plaintiffs' § 2241 Petition and Complaint, and thus does not reach the merits of the Motion for TRO or the Petition/Complaint itself.

**IT IS ORDERED** that Plaintiffs' Petition/Complaint brought pursuant to 28 U.S.C. § 2241 (R. Doc. 1) is hereby dismissed without prejudice for lack of jurisdiction.[5]

New Orleans, Louisiana, this 6th day of April 2020.

GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE

---

[5] This Court finds that severing the plaintiffs into three groups and transferring the cases to three district courts would be overly cumbersome. Accordingly, the Court has dismissed the claims without prejudice to refiling them in the appropriate district court.